**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
STEVE ENDRESS, on behalf of himself and all
others similarly situated,

                                Plaintiff,

           -against-

GENTIVA HEALTH SERVICES, INC.,
RONALD A. MALONE, ANTHONY H.
STRANGE, and JOHN R. POTAPCHUK,

                             Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
10-cv-5064 (ADS)(WDW)

**APPEARANCES**:

**Kaplan Fox & Kilsheimer LLP**
*Attorneys for the plaintiff and for the Minneapolis Police Relief Association*
850 Third Avenue, 14th Floor
New York, NY 10022
    By:    Fredric S. Fox, Esq.,
           Joel B. Strauss, Esq.,
           Jeffrey P. Campisi, Esq., of Counsel

**Lockridge Grindal Nauen PLLP**
*Attorneys for the Minneapolis Police Relief Association*
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
    By:    Richard A. Lockridge, Esq.,
           Karen H. Riebel, Esq., of Counsel

**Weil, Gotshal & Manges LLP**
*Attorneys for the Defendants*
767 Fifth Avenue
New York, NY 10153
    By:    John A. Neuwirth, Esq.,
           Stefania D. Venezia, Esq., of Counsel

**SPATT, District Judge.**

In this putative securities fraud class action, the Minneapolis Police Relief Association ("MPRA"), a pension fund, seeks to intervene as a named plaintiff and also to be designated as lead plaintiff. No party opposes the MPRA's motion to intervene, but

the defendants Gentiva Health Services, Inc. ("Gentiva"), Ronald A. Malone, Anthony H. Strange, and John R. Potapchuk oppose the MPRA's request to be designated lead plaintiff. For the reasons that follow, the Court grants the MPRA's motion to intervene, and denies without prejudice the MPRA's motion to be designated lead plaintiff.

## I. BACKGROUND

On November 2, 2010, the plaintiff Steve Endress commenced this case against the defendant Gentiva and three of its executives, the defendants Ronald A. Malone, Anthony H. Strange, and John R. Potapchuk. Endress alleges that Gentiva, which is a publicly traded health care provider, artificially inflated its stock price through a scheme that involved ordering unnecessary medical care for clients, and then billing the federal government for these illegitimate expenses. Endress further alleges that when the scheme came to light, Gentiva's stock price dropped precipitously, and that as a person who had purchased Gentiva stock while its price was artificially inflated, he was harmed. Endress seeks relief on behalf of himself and all persons who purchased Gentiva stock during the period of the alleged fraud, which he identifies as being from July 31, 2008 to July 20, 2010 (the "Class Period").

On January 21, 2011, the MPRA filed the present motion to intervene as a plaintiff in this case pursuant to Fed. R. Civ. P. 24(b)(1)(B), and to be named lead plaintiff pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4 *et seq.,* ("PSLRA"). The MPRA is a public pension fund that purchased an undisclosed anount of Gentiva stock during the Class Period. It is represented, as is the present plaintiff Steve Endress, by Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"). In its memorandum of law in support of the MPRA's motion, Kaplan Fox states that, if the

MPRA is permitted to intervene as a plaintiff, then Endress will withdraw as a named plaintiff, leaving only the MPRA to prosecute the case.

The defendants do not oppose the MPRA's motion to intervene. However, they do oppose the MPRA's motion to be named as lead plaintiff, on the ground that the MPRA has not satisfied certain prerequisites for this designation that are set forth in the PSLRA.

## II. DISCUSSION

### A. As to the MPRA's Motion to Intervene

The MPRA is moving for permissive intervention pursuant to Rule 24(b), which provides in pertinent part that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." A grant of permissive intervention is soundly within a district court's discretion. United States v. Pitney Bowes, Inc., 25 F.3d 66, 73 (2d Cir. 1994).

Here, the Court finds that permissive intervention is appropriate. MPRA moved to intervene before any answer or dispositive motion was filed by the defendants, and has submitted a proposed complaint that is substantively identical to the complaint filed by Steve Endress. Further, there is no indication that permitting MPRA's intervention would unduly delay the present proceedings. The Court therefore grants MPRA's unopposed motion to intervene as a plaintiff in this action.

### B. As to the MPRA's Motion to be Named Lead Plaintiff

The MPRA also moves to be appointed lead plaintiff in this case. The appointment of a lead plaintiff is unique to securities litigation, and is distinct from— though related to—the Fed. R. Civ. P. 23 requirement that the named plaintiff adequately

represent the class. The naming of a lead plaintiff generally takes place early in the life of a putative securities class action, and begins with the publication of a notice by the plaintiff, within twenty days of filing, that identifies (1) the claims asserted in the case and (2) the proposed class period. 15 U.S.C. § 78u–4(a)(3)(A)(i). Upon the publication of this notice, any putative class member may move the court, within sixty days, to be named lead plaintiff. Id. Following this sixty day period, but not more than ninety days after the original notice is published, the court may appoint a lead plaintiff. Section 78u–4(a)(3)(B).

The PSLRA sets forth express considerations that a trial court must consider when appointing a lead plaintiff. The first of these considerations is that there is a presumption that, to be named lead plaintiff, the party must either (1) file the original complaint, or (2) move to be appointed lead plaintiff within sixty days of the plaintiff's publication of the notice that the case has been filed. See Section 78u–4(a)(3)(B)(iii)(I). This presumption is rebuttable only through a showing that the putative lead plaintiff either "will not fairly and adequately protect the interests of the class; or [] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 78u–4(a)(3)(B)(iii)(II).

Here, the parties agree that the MPRA neither filed the original complaint, nor moved to be named lead plaintiff within sixty days of Endress publishing a notice of the filing of the case. Further, there has been no showing that Endress, the presumptive lead plaintiff, would not adequately represent the class. Thus, following the rules, the MPRA is precluded from being named as the lead plaintiff in this action.

Nevertheless, Kaplan Fox maintains that, once the MPRA intervenes as a plaintiff, Endress will withdraw from the case and, as the only remaining named plaintiff, MPRA will be the only *possible* candidate to serve as lead plaintiff. To be sure, other courts have faced the prospect of a party withdrawing as lead plaintiff, and have therefore addressed the necessity of naming as lead plaintiff a person who does not satisfy the letter of the PSLRA's requirements. See, e.g., In re Neopharm, Inc. Sec. Litig., 02-CIV-2976, 2004 WL 742084, at *3 (N.D. Ill. Apr. 7, 2004) (discussing the procedure for appointing a new lead plaintiff after the previous lead plaintiff withdraws); In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 120 (S.D.N.Y. 2002) ("The PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws."). However, the situation before the Court is distinct from those cases. Although Kaplan Fox asserts that Endress will withdraw as plaintiff once the MPRA intervenes, there is no motion to withdraw presently pending. Nor is there a motion to disqualify Endress from being appointed as lead plaintiff based on adequacy. Thus, at this time, there is no reason to deviate from the letter of the PSLRA, under whose plain terms the MPRA may not serve as lead plaintiff. While this may change if Endress ultimately withdraws, it would be inappropriate for the Court to address at this time if and how the MPRA might ultimately be named lead plaintiff in the future. The Court therefore denies the MPRA's motion to be named lead plaintiff, without prejudice to renewal at a later date.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that MPRA's motion to intervene as a plaintiff is granted; and it is further

**ORDERED** that MPRA's motion to be appointed lead plaintiff is denied without prejudice; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to amend the caption in this case to read as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
STEVE ENDRESS and the MINNEAPOLIS
POLICE RELIEF ASSOCIATION, on behalf of
themselves and all others similarly situated,

                            Plaintiffs,

        -against-

GENTIVA HEALTH SERVICES, INC.,
RONALD A. MALONE, ANTHONY H.
STRANGE, and JOHN R. POTAPCHUK,

                            Defendants.
-----------------------------------------------------------X

Dated: Central Islip, New York
July 19, 2011

                                                ____*/s/ Arthur D. Spatt*_____
                                                    ARTHUR D. SPATT
                                               United States District Judge