UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEVE ENDRESS and the MINNEAPOLIS
POLICE RELIEF ASSOCIATION, on behalf of
themselves and all others similarly situated,

        Plaintiffs,                     **MEMORANDUM OF
                                               DECISION AND ORDER**

   -against-

                                               10–CV–5064 (ADS)(WDW)

GENTIVA HEALTH SERVICES, INC.,
RONALD A. MALONE, ANTHONY H.
STRANGE, and JOHN R. POTAPCHUK,

        Defendants.
----------------------------------------------------------X
CEMENT MASONS & PLASTERERS JOINT
PENSION TRUST, on behalf of themselves and
all others similarly situated,

        Plaintiff,

   -against-                                    11–CV–4433 (ADS)(AKT)

GENTIVA HEALTH SERVICES, INC.,
RONALD A. MALONE, ANTHONY H.
STRANGE, and JOHN R. POTAPCHUK,

        Defendants.
----------------------------------------------------------X
INTERNATIONAL UNION OF OPERATING
ENGINEERS PENSION FUND of EASTERN
PENNSYLVANIA and DELAWARE, on behalf
of themselves and all others similarly situated,

        Plaintiff,

   -against-                                    11–CV–4906 (ADS)(AKT)

GENTIVA HEALTH SERVICES, INC.,
RONALD A. MALONE, ANTHONY H.
STRANGE, and JOHN R. POTAPCHUK,

        Defendants.
----------------------------------------------------------X

---------------------------------------------------------X
ARKANSAS TEACHER RETIREMENT
SYSTEM, on behalf of themselves and all others
similarly situated,

   Plaintiff,

  -against-                11–CV–05126 (ADS)(WDW)

GENTIVA HEALTH SERVICES, INC.,
RONALD A. MALONE, ANTHONY H.
STRANGE, JOHN R. POTAPCHUK, and
ERIK R. SLUSSER,

   Defendants.

---------------------------------------------------------X
DOUGLAS DAHLGARD, on behalf of himself
and all others similarly situated,

   Plaintiff,

  -against-                11–CV–05199 (ADS)(AKT)

GENTIVA HEALTH SERVICES, INC.,
RONALD A. MALONE, and ANTHONY H.
STRANGE,

   Defendants.

---------------------------------------------------------X

**APPEARANCES:**

**KAPLAN, FOX & KILSHEIMER, LLP**
*Attorneys for the Plaintiff Steve Endress*
*and Minneapolis Police Relief Association*
850 Third Avenue
New York, NY 10022
  By: Joel B. Strauss, Esq.
     Jeffrey P. Campisi, Esq., Of Counsel

**ROBBINS GELLER RUDMAN & DOWD, LLP**
*Attorneys for the Plaintiff Cement Masons & Plasters*
*Joint Pension Trust*
58 South Service Road
Suite 200
Melville, NY 11747
    By:    Samuel H. Rudman, Esq., Of Counsel

**GRANT & EISENHOFER PA**
*Attorneys for the Plaintiff International Union of*
*Operating Engineers Pension Fund of Eastern*
*Pennsylvania and Delaware*
485 Lexington Avenue
New York, NY 10017
    By:    James J. Sabella, Esq.
             Jay W. Eisenhofer, Esq.
             Shelly L. Friedland, Esq., Of Counsel

**LABATON SUCHAROW & RUDOFF LLP**
*Attorneys for the Plaintiff Arkansas Teacher Retirement System*
140 Broadway
New York, NY 10005
    By:    Eric J. Belfi, Esq.
             Michael Walter Stocker, Esq., Of Counsel
             Christopher Joseph Keller, Esq., Of Counsel

**LAW OFFICES OF THOMAS G. AMON**
*Attorneys for the Plaintiff Douglas Dahlgard*
250 West 57th Street
Suite 1316
New York, NY 10107
    By:    Thomas G. Amon, Esq., Of Counsel

**WEIL, GOTSHAL & MANGES**
*Attorneys for the Defendants Gentiva Health Services, Inc.,*
*Ronald A. Malone, Anthony H. Strange, and*
*John R. Potapchuk*
767 Fifth Avenue
New York, NY 10153
    By:    John A. Neuwirth, Esq., Of Counsel

**SPATT, District Judge:**

On November 2, 2010, Plaintiff Steve Endress filed a securities fraud class action on behalf of all persons who purchased the publicly traded common stock of Gentiva Health Services ("Gentiva") between July 31, 2008 and July 20, 2010. Four other federal class actions were subsequently filed by: Cement Masons & Plasterers Joint Pension Trust ("Cement Masons") on September 14, 2011; International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware ("International Union") on October 11, 2011; Arkansas Teacher Retirement System ("Arkansas") on October 20, 2011; and Douglas Dahlgard ("Dahlgard") on October 25, 2011. All five actions are on behalf of the same class of investors who purchased Gentiva publicly traded securities during a similar class period, and based upon the same facts alleging violations of the same laws.

Presently before the Court is the issue of whether to consolidate these five similar pending actions: <u>Endress v. Gentiva Health Services</u>, No. 10–CV–5064; <u>Cement Masons & Plasters Joint Pension Trust v. Gentiva Health Services</u>, No. 11–CV–4433; <u>Interanational Union of Operating Engineers Pension Fund of Eastern Pennsylvania & Delaware v. Gentiva Health Services</u>, No. 11–CV–4906; <u>Arkansas Teacher Retirment System v. Gentiva Health Services</u>, No. 11-CV-5126, and <u>Douglas Dahlgard v. Gentiva Health Services</u>, No. 11-CV-5199. In addition, there is an outstanding motion by Plaintiff Steve Endress to withdraw as named plaintiff. Finally, it is necessary for the Court to determine the appropriate procedure to appoint a lead plaintiff if the five actions are consolidated.

## I. BACKGROUND

As stated above, on November 2, 2010, Plaintiff Steve Endress filed the initial action, <u>Endress v. Gentiva Health Services</u>, against the Defendant Gentiva and three of its executives,

the Defendants Ronald A. Malone, Anthony H. Strange, and John R. Potapchuk. Endress alleges that Gentiva, which is a publicly traded health care provider, artificially inflated its stock price through a scheme that involved ordering unnecessary medical care for clients, and then billed the federal government for these illegitimate expenses. Endress further alleges that when the scheme came to light, Gentiva's stock price dropped precipitously, and, as a person who had purchased Gentiva stock while its price was artificially inflated, he was harmed. Endress seeks relief on behalf of himself and all persons who purchased Gentiva stock during the period of the alleged fraud, which he identifies as being from July 31, 2008 to July 20, 2010 ("Class Period 1").

On January 21, 2011, the Minneapolis Police Relief Association ("MPRA") filed a motion to intervene as a plaintiff in the Endress action pursuant to Fed. R. Civ. P. 24(b)(1)(B). MPRA also requested to be named lead plaintiff pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4 *et seq.*, ("PSLRA"). The MPRA is a public pension fund that purchased an undisclosed amount of Gentiva stock during Class Period 1. The Defendants did not oppose the MPRA's motion to intervene. However, they did oppose the MPRA's motion to be named as lead plaintiff, on the ground that the MPRA had not satisfied certain prerequisites for this designation that are set forth in the PSLRA. On July 19, 2011, the Court ordered that the MPRA's motion to intervene was granted but that its motion to be appointed lead plaintiff was denied without prejudice.

On July 25, 2011, Endress sought to withdraw as a named plaintiff and the MPRA renewed its motion to be appointed lead plaintiff, pursuant to the PSLRA. No objections were filed and the motion is currently still pending.

Thereafter, on September 14, 2011, Cement Masons filed an almost identical action, naming Gentiva and the same three executives, Ronald A. Malone, Anthony H. Strange, and

John R. Potapchuk, as defendants. Cement Masons alleges that during the same Class Period, between July 31, 2008 and July 20, 2010, the Defendants issued materially false and misleading statements regarding the company's business and financial results, which thereby artificially inflated the stock price. Similarly, on October 11, 2011, International Union filed an action on behalf of the same class of investors who purchased Gentiva public traded securities with the same allegations against the same defendants. The only difference between the previous two actions and the International Union action is that the latter complaint alleges a Class Period between July 31, 2008 and September 30, 2011 ("Class Period 2").

On October 20, 2011, Arkansas filed another almost identical action as the above three, with the exception of adding one additional defendant, Eric R. Slusser, the company's CFO. Arkansas alleges that it suffered $1.29 million in losses during Class Period 2. Finally, on October 25, 2011, Dahlgard filed a fifth also almost identical action, against only Gentiva, Malone, and Strange, alleging $275,000 in losses between July 31, 2008 and October 4, 2011 ("Class Period 3").

Following the filing of all five actions, the Plaintiffs in each case wrote a letter to the Court articulating their support for consolidation. They all contend that the cases raise substantially similar questions of law and fact and that consolidation would save judicial and litigant resources. However, none of the parties have actually filed a motion for consolidation.

In addition, all five parties are requesting the Court to consider them as a suitable lead plaintiff in the proposed consolidated action. Cement Masons argues that it has suffered a meaningful $40,000 loss on its investment in 4,470 shares of Gentiva stock and, as an institutional investor with prior experience in a securities case, it is familiar with its fiduciary obligations to the class. International Union claims that it is the most appropriate lead plaintiff

because its complaint adopts a longer and more inclusive class period, which is proper as it encompasses more potential class members. Arkansas claims that its $1.29 million in losses dwarfs those of any other plaintiff seeking appointment of lead plaintiff, and is presumptively the most qualified because of its extensive prior experience in serving as lead plaintiff. Finally, Dahlgard argues that he has incurred the greatest amount of losses and exhibits the adequacy and typicality to serve as lead plaintiff in this matter.

Both Cement Masons and International Union contend that MPRA should not be considered as lead plaintiff because (1) it purchased less shares and suffered smaller losses on its investment in Gentiva; and (2) under the PSLRA, the Court is required to appoint a lead plaintiff among class members who either filed the complaint or made a timely motion, neither of which condition MPRA has satisfied. In response, MPRA asserts that both Cement Masons and International Union waited more than ten weeks to file a complaint and essentially oppose MPRA's renewed motion, and that their requests are sudden and late considering MPRA first sought to be appointed lead plaintiff almost nine months ago. In addition, MPRA criticizes Dahlgard's qualifications to be appointed lead plaintiff.

Therefore, there are three issues presently before the Court. The first matter is the motion by Endress to withdraw as Named Plaintiff. The second question is whether the five Gentiva actions should be consolidated. As none of the parties have actually filed a motion in this respect, the Court will consider the issue of consolidation *sua sponte*. Third, the Court must resolve the dispute as to the appropriate procedure for appointing a lead plaintiff. These subjects will each be discussed in turn.

## II. DISCUSSION

### A.   As to Plaintiff Steve Endress' Motion to Withdraw as Named Plaintiff

As set forth above, Plaintiff Steve Endress moved to withdraw as named plaintiff on July 25, 2011, pursuant to Rule 21 of the Federal Rules of Civil Procedure. Due to the fact that this motion is currently unopposed and the Court is not aware of any prejudice to the proposed class that would result from granting his application, the motion to withdraw is granted.

### B.   Whether the Five Gentiva Actions Should be Consolidated

Federal Rule of Civil Procedure 42(a) ("Fed. R. Civ. P. 42(a)" or "Rule 42(a)") governs the consolidation of actions and provides that:

> If actions before the court involve a common question of law or fact, the court may:
>   (1) join for hearing or trial any or all matters at issue in the actions;
>   (2) consolidate the actions; or
>   (3) issue any other orders to avoid unnecessary cost or delay.

See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). A district court can consolidate related cases under Rule 42(a) *sua sponte*. Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999). The Rule should be prudently employed as "a valuable and important tool of judicial administration," Consorti v. Armstrong World Indus. Inc., 72 F.3d 1003, 1006 (2d Cir. 1995), vacated on other grounds, 518 U.S. 1031, 116 S. Ct. 2576, 135 L. Ed. 2d 1091 (1996), invoked to "expedite trial and eliminate unnecessary repetition and confusion." Miller v. U.S. Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984).

In addition, the Second Circuit has explained that in assessing whether consolidation is appropriate, "a district court should consider both equity and judicial economy. However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice – consolidation should be considered when savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*." Devlin, 175 F.3d at 130 (emphasis in original)

(internal quotations and citations omitted). Here, all of the Plaintiffs in their respective actions contend that the Court should consolidate the five Gentiva actions. The Court Agrees.

Consolidation will economize both judicial resources and the resources of the parties. See Fed. R. Civ. P. 42(a) (the Court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay"); Johnson, 899 F.2d at 1285 (as long as there will be a fair and impartial trial, "[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation"), cert. denied, 498 U.S. 920, 111 S. Ct. 297, 112 L. Ed. 2d 250 (1990); see also Guidelines For The Division Of Business Among District Judges, Eastern District of New York, Rule 50.3.1 (a) ("A civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transaction or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge"). Here, the cases involve nearly identical questions of law and fact as well as almost identical parties. All five complaints are on behalf of the same class of investors who purchased Gentiva publicly traded securities based upon the same facts—the Defendants' alleged materially false and misleading statements to the market. All five complaints assert causes of action under (1) Section 10(b) of the 1934 Act and Rule 10b-5; and (2) Section 20(a) of the 1934 Act against the individual defendants.

Finally, the Court discerns no prejudice inuring to the Defendants as a result of consolidation. See Firemen's Ins. Co. of Newark, N.J. v. Keating, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990) ("Defendants have made no showing that delay, confusion or prejudice would result from the requested consolidation, and to the extent such problems become manifest at a later date, if ever, they may be rectified by the Court at such time."). This is further bolstered by

the fact that there have been no objections to the Plaintiffs' requests for consolidation by the Defendants in any of the cases.

Accordingly, the Plaintiffs' five actions now pending before this Court, Docket Numbers 10–CV–5064, 11–CV–4433, 11–CV–4906, 11–CV–5126, and 11–CV–05199 are consolidated for all purposes under Docket Number 10–CV-5064. Thus, Docket Numbers 11–CV–4433, 11–CV–4906, 11–CV–5126, and 11–CV–05199 are closed.

### C. As to the Procedure for Appointing Lead Plaintiff

The naming of a lead plaintiff generally takes place early in the life of a putative securities class action, and begins with the publication of a notice by the plaintiff, within twenty days of filing, that identifies the claims asserted in the case and the proposed class period. 15 U.S.C. § 78u–4(a)(3)(A)(i). Upon the publication of this notice, any putative class member may move the court, within sixty days, to be named lead plaintiff. Id. Following this sixty day period, but not more than ninety days after the original notice is published, the court may appoint a lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(B)(i). The Court must consider all motions made by purported class members seeking to be appointed lead plaintiff and determine the "member or members of the purported plaintiff class that ... [is] most capable of adequately representing the interests of the class members." Id.; see Metro Servs. Inc. v. Wiggins, 158 F.3d 162, 164 (2d Cir. 1998).

The PSLRA sets forth express considerations that a trial court must consider when appointing a lead plaintiff. The first of these considerations is that there is a presumption that, to be named lead plaintiff, the party must either (1) file the original complaint, or (2) move to be appointed lead plaintiff within sixty days of the plaintiff's publication of the notice that the case has been filed. See Section 78u–4(a)(3)(B)(iii)(I). In addition, a court must presume that the

most adequate lead plaintiff is the shareholder who has the largest financial interest in the relief sought by the class. Id.; see Metro Servs. Inc., 158 F.3d at 164–65; Mitchell v. Complete Mgmt., Inc., 1999 WL 728678, at *2 (S.D.N.Y. Sept.17, 1999). This presumption is rebuttable only by a showing that the putative lead plaintiff either "will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); Mitchell, 1999 WL 728678, at * 3.

This case presents unique circumstances, and the current situation is one in which the PSLRA does not provide any specific guidance. First, the PSLRA requires the movant to either file the original complaint or move to be lead plaintiff within 60 days. None of the movants here filed the original Endress complaint or filed a motion within 60 days of the initial notice of pendency. In addition, the only party who was eligible to be appointed lead plaintiff, Steve Endress, moved to withdraw as named plaintiff several months ago but was not granted leave to do so until now. Accordingly, as of the date of this Order, the Court faces circumstances in which none of the proposed lead plaintiffs comply with the language of the PSLRA. See In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 120 (S.D.N.Y. 2002) ("The PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the previous one withdraws.").

Due to this apparent loophole in the PSLRA, there has, in effect, been a race to the courthouse to file a nearly identical complaint as in the Endress action, because it appears that this is the only conceivable method of being an eligible lead plaintiff in this securities class action against Gentiva. However, as another court noted in a similar PSRLA conundrum, judges "are not referees at prize fights but functionaries of justice." Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 404 n.7 (D. Minn. 1998 (quoting Johnson v. United States, 333 U.S. 46, 54, 68 S.

Ct. 391, 92 L. Ed. 468 (1948) (Frankfurter, J., dissenting in part)). The overriding purpose of the PSLRA is "to replace so-called figurehead or professional plaintiffs, with real investors" and this is accomplished, in part, by slowing down the race to the courthouse. Id.

Therefore, the Court finds that under the circumstances present here, it would be most appropriate, in view of the intent and purposes of the PSLRA, to determine whether any additional class members desire at this time to serve as a lead plaintiff and class representative prior to any determination as to the appointment of lead plaintiff. See In re Xerox Securities Litigation, No. 99–CV–2374, 2006 WL 1359339, at *1 (D. Conn. May 12, 2006); Coopersmith v. Lehman Bros., Inc., 344 F. Supp. 2d 783, 791 (D. Mass. 2004) ("Many other courts have recognized that where the 60 day period has expired, and there is no lead plaintiff for whatever reason, other applicants can and should be properly considered.").

For purposes of this motion, this Court will deem a movant as eligible to be appointed lead plaintiff where he or she has moved to be appointed lead plaintiff within 60 days of the withdrawal of the only eligible lead plaintiff. By allowing any plaintiff, including the five present potential lead plaintiffs, to file motions in this regard, the Court is following the reasoning of In re Initial Public Offering Securities Litigation, in which the court deemed any movant as timely who moved to be appointed lead plaintiff within 60 days of the withdrawal of the previous lead plaintiff. 214 F.R.D. at 120.

Some of the proposed lead plaintiffs have pointed out that MPRA should not be eligible to be appointed lead plaintiff because it did not file a motion within 60 days of the initial pendency, and unlike the others, did not file its own complaint. The In re Initial Public Offering Securities Litigation court stated that "[i]f other plaintiffs had filed a lawsuit . . . then those plaintiffs would arguably be entitled to priority over any other potential lead plaintiffs." Id. at

12

120 n.5. However, in the context of this case this Court disagrees. The MPRA initially moved to be appointed lead plaintiff nine months before any of the subsequent complaints were filed. In addition, MPRA renewed their motion within one week of the filing of a motion to withdraw by Endress. The Court deems these unique circumstances sufficient to not assign any priority to the proposed lead plaintiffs over MPRA.

In addition, the Court concludes that requiring additional publication of a notice is not necessary. See id. ("A colorable argument can be made that, when the initial [eligible] lead plaintiff withdrew, a new notice should have been filed and the entire lead plaintiff process re-opened. However, where a new lead plaintiff is willing to step forward, there is no need to start the process anew when all putative class members were given notice of the opportunity to move for appointment as lead plaintiff by means of the statutorily required published notice."). Although other putative class members may not specifically receive notice of this present motion, they have had the opportunity to make an informed decision as to whether to apply for the lead plaintiff position. There is no dispute that Endress issued a proper initial notice which informed the other potential class members of the 60 day deadline and afforded them the opportunity to evaluate whether they wished to apply for lead plaintiff. Any interested putative class members will have followed the course of the case and will now be on notice of a new procedure for appointment of lead plaintiff as set forth above.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Steve Endress' motion to withdraw as named plaintiff is granted; and it is further

**ORDERED** that the Clerk of the Court is directed to consolidate the five actions set forth above under Docket Number 10–CV–5064 and Docket Numbers 11–CV–4433, 11–CV–4906, 11–CV–5126, and 11–CV–05199 are to be closed; and it is further

**ORDERED** that the consolidated action shall hereinafter be referred to as "In re Gentiva Securities Litigation" and shall proceed under Docket Number 10–CV–5064, and that all filings are to be made only under Docket Number 10–CV–5064; and it is further

**ORDERED** that the following motion schedule is set for motions to be appointed lead plaintiff. Any putative class member may file a motion to be appointed lead plaintiff by January 2, 2012, which may not exceed 25 pages in length. The MPRA may withdraw its pending motion (Docket Entry 10) and re-file by January 2, 2012. No responses or replies will be accepted.

**SO ORDERED.**

Dated: Central Islip, New York
November 2, 2011.

                                                                          */s/ Arthur D. Spatt*
                                                                       ARTHUR D. SPATT
                                                            United States District Judge