UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: GENTIVA SECURITIES LITIGATION | ) | Case No. 10-CV-5064 (ADS) (WDW) |
|  | ) |  |
|  | ) | ECF Case |
|  | ) |  |
|  | ) | **Oral Argument Requested** |
|  | ) |  |

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION
OF THE COURT'S SEPTEMBER 19, 2013 DECISION AND ORDER**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Defendants Gentiva Health Services,
Inc., Ronald A. Malone and John R. Potapchuk*

Dated: October 24, 2013

US_ACTIVE:\44351719\7\47756.0017

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...........................................................................................................................3

I.      PLAINTIFF DOES NOT DISPUTE THE DISPOSITIVE RECORD FACTS
        (AND THE RELATED CASE LAW) THAT REQUIRE THE AMENDED
        COMPLAINT'S DISMISSAL...................................................................................3

        A.      Potapchuk's Non-10b5-1 Plan Trades Were Not "Unusual" Or
                "Suspicious"....................................................................................................3

        B.      Because Three Of The Four Individual Defendants Did Not Engage In
                "Unusual" Or "Suspicious" Trading, There Can Be No Inference Of
                Scienter On The Part Of Malone .................................................................5

        C.      Having Failed To Plead The Scienter Of Any Of The Individual
                Defendants, Plaintiff Has Failed To Plead Corporate Scienter.............................6

II.     PLAINTIFF'S SECTION 20(a) CLAIM MUST ALSO BE DISMISSED .........................7

CONCLUSION........................................................................................................................7

US_ACTIVE:\44351719\7\47756.0017

# TABLE OF AUTHORITIES

**Cases:**                                                                                                    **Page(s):**

Acito v. IMCERA Grp., Inc.,
    47 F.3d 47 (2d Cir. 1995) ...................................................................................................4

Glaser v. The9, Ltd.,
    772 F. Supp. 2d 573 (S.D.N.Y. 2011)..........................................................................2, 3

In re Gentiva Sec. Litig.,
    No. 10-CV-5064 (ADS) (WDW), slip op. (E.D.N.Y. Sept. 19, 2013) ........................... passim

In re Health Mgmt. Sys., Inc. Sec. Litig.,
    1998 WL 283286 (S.D.N.Y. June 1, 1998) ....................................................................5

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000)..............................................................................................4

San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.,
    75 F.3d 801 (2d Cir. 1996)............................................................................................5, 7

Shrader v. CSX Transp., Inc.,
    70 F.3d 255 (2d Cir. 1995)..............................................................................................1

Tellabs Inc. v. Makor Issues & Rights, Ltd.,
    551 U.S. 308 (2007)........................................................................................................2

US_ACTIVE:\44351719\7\47756.0017

Defendants Ronald A. Malone, John R. Potapchuk and Gentiva respectfully submit this reply brief in further support of their motion for partial reconsideration of the Court's Sept. 19 Order (citations to slip op.), granting in part and denying in part MTD II (the "Reconsideration Motion"). Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the moving defendants' opening brief in support of the Reconsideration Motion, filed on October 3, 2013 (the "Reconsideration Brief" or "Recon. Br."). Plaintiff's brief in opposition to the Reconsideration Motion is referred to herein as the "Opposition" or "Opp."

## PRELIMINARY STATEMENT

As Plaintiff concedes, reconsideration is appropriate where the moving party can point to "'controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court.'" Opp. at 2 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). The moving defendants have done so. Specifically, they have pointed to facts in the record that the Court appears to have overlooked -- namely, the volume and timing of, and "net proceeds" from, Potapchuk's alleged non-10b5-1 plan trades. When viewed in light of the case law the Court relied upon to determine whether the trading at issue was "unusual or suspicious" (Sept. 19 Order at 33-34), these facts require the dismissal of the Amended Complaint in its entirety and with prejudice.

Tellingly, Plaintiff does not dispute that these non-10b5-1 plan trades comprised just 12% of Potapchuk's alleged total share holdings (excluding options), netted just $300,000 in profit, and occurred more than six months before the disclosure of the commencement of the SFC's investigation. See Opp. at 4 (citing Recon. Br. at 10); see also Recon. Br. at 7, 11. Instead, Plaintiff baldly asserts that these facts are "simply irrelevant" and "an improper attempt

to repackage [Defendants'] prior argument -- already rejected by the Court -- that 'many' of Potapchuk's trades were made pursuant to a 10b5-1 plan." Opp. at 4. Plaintiff is wrong.

The Court recognized that many of Potapchuk's alleged trades were made pursuant to 10b5-1 plans and that such trades "'do not raise a strong inference of scienter.'" Sept. 19 Order at 33 (quoting Glaser v. The9, Ltd., 772 F. Supp. 2d 573, 592 (S.D.N.Y. 2011) (other citations omitted)) (emphasis added). Nevertheless, it concluded that the "allegations regarding the 'net proceeds' and volume of trading activity by Potapchuk support an inference of scienter." Id. at 34-35. However, the allegations upon which the Court relied reflect aggregate figures -- and not the volume of, and "net proceeds" from, Potapchuk's alleged non-10b5-1 plan trades (i.e., what is left once the plan sales are disregarded, as they should be under Glaser). In other words, if trades pursuant to a 10b5-1 plan do not raise a strong inference of scienter (a principle with which the Court clearly agrees), then those trades should be excluded from the calculation of volume and net profit. Once the plan trades are properly excluded from the analysis, Potapchuk's other (non-plan) trades simply cannot be considered "unusual" or "suspicious." Reconsideration is therefore warranted and the Court should dismiss Potapchuk for Plaintiff's failure to plead scienter. See Point I.A, infra.

Moreover, once Potapchuk is dismissed, there is no longer any basis to infer scienter on the part of Malone, and he too should be dismissed under applicable case law. Of course, viewed "holistically" (as required under Tellabs Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 326 (2007), and its progeny), the Amended Complaint's allegations are insufficient to raise a compelling inference of scienter on Malone's part in any event, given, among other things, the Court's findings that the Amended Complaint "fail[s] to tie the scienter allegations to any Individual Defendant," and that "there is no allegation that the Individual Defendants could

2

foresee the government's actions" (e.g., when Malone was allegedly selling his shares (also prior to the initial disclosure of the SFC's investigation)).  Sept. 19 Order at 25, 33 (emphasis added). See Point I.B, infra.  Finally, because Plaintiff fails to plead scienter on the part of any Individual Defendant, the sole basis upon which scienter was imputed to Gentiva falls away and, thus, it should be dismissed as well.  See Point I.C, infra.

## ARGUMENT

I.  **PLAINTIFF DOES NOT DISPUTE THE DISPOSITIVE RECORD FACTS (AND THE RELATED CASE LAW) THAT REQUIRE THE AMENDED COMPLAINT'S DISMISSAL**

   A.  **Potapchuk's Non-10b5-1 Plan Trades Were Not "Unusual" Or "Suspicious"**

   Plaintiff does not dispute that:  (i) Potapchuk sold 95,883 shares (of the 115,883 total alleged shares that he sold during the Class Period) pursuant to 10b5-1 trading plans; (ii) he sold the remaining 20,000 shares more than six months before the first alleged "corrective disclosure" (regarding the commencement of the SFC's investigation); and (iii) those 20,000 shares represented only 12% of his alleged total shares and, using the average share prices alleged by Plaintiff in the Amended Complaint, resulted in just $300,000 in net profit.  See Recon. Br. at 7, 10.

   Rather, Plaintiff argues that these facts are "simply irrelevant" and "an improper attempt to repackage [Defendants'] prior argument -- already rejected by the Court -- that 'many' of Potapchuk's trades were made pursuant to a 10b5-1 plan."  Opp. at 4.  Plaintiff is wrong.  The Court acknowledged the existence of such plans as a "relevant" factor in its analysis and cited to the well-established principle that "'trades under [a] 10b-5-1 plan do not raise a strong inference of scienter.'"  Sept. 19 Order at 33 (quoting Glaser, 772 F. Supp. 2d at 592) (other citations omitted)) (emphasis added); see also id. at 34.  In addition, the Court rejected Plaintiff's argument that "the existence of a trading plan pursuant to a Rule 10b5-1 plan is an affirmative

defense that cannot be considered on a motion to dismiss," holding that the cases Plaintiff cited for this proposition "are at odds with Glaser, in which the Southern District noted that trades under 10b-5 plans do not raise a strong inference of scienter, even at the pleading stage." Id. at 34 (citations omitted) (emphasis added). Yet, instead of disregarding the 10b5-1 plan trades under Glaser (as it should have) and considering just the remainder, the Court concluded that the "allegations regarding the 'net proceeds' and volume of trading activity by Potapchuk" -- specifically, that he allegedly sold 96% of the shares he acquired during the Class Period for "net proceeds" of $1.8 million -- "support an inference of scienter based on a theory of motive and opportunity." Id. at 34-35.

Critically, however, these allegations reflect aggregate figures (for both plan and non-plan trades), and even though the necessary data was before the Court, the Court appears not to have parsed the data to determine whether the non-plan trades (after disregarding the others) were sufficiently "unusual" or "suspicious." Had it done so, it would have determined that the non-plan trades by themselves (again, comprising just 12% of Potapchuk's alleged total share holdings and netting just $300,000 in profit) could not possibly be deemed "unusual" or "suspicious" under the relevant authorities, including those cited by the Court in the Sept. 19 Order. See Recon. Br. at 10-11 (citing cases); see also Rothman v. Gregor, 220 F.3d 81, 94 (2d Cir. 2000), and Acito v. IMCERA Grp., Inc., 47 F.3d 47, 54 (2d Cir. 1995) (trading not unusual where defendants sold 9.9% and 11%, respectively, of their holdings). Indeed, Plaintiff has made no attempt to demonstrate otherwise. And even if it was a close call (which it is not), the Court need only consider (as part of the requisite "holistic" analysis) its related findings that: (i) none of Potapchuk's trades were unusually timed; and (ii) there are no allegations indicating that Potapchuk (or, for that matter, any other Individual Defendant) was involved in or even aware of

US_ACTIVE:\44351719\7\47756.0017

the alleged wrongdoing.  See Recon. Br. at 11, 12-13 (citing Sept. 19 Order at 23, 25, 33).

Accordingly, the Court should reconsider its Sept. 19 Order and dismiss Potapchuk for Plaintiff's

failure to plead scienter.

      **B.**      **Because Three Of The Four Individual Defendants Did Not Engage In "Unusual" Or "Suspicious" Trading, There Can Be No Inference Of Scienter <u>On The Part Of Malone</u>**

Plaintiff does not respond to <u>any</u> of the moving defendants' arguments regarding

Malone, other than to summarily assert that "any arguments contingent upon [Potapchuk's]

dismissal must be denied," and that regardless of whether the Court now dismisses Potapchuk,

the denial of MTD II as to Malone was independently warranted.  Opp. at 4, 5.  Plaintiff is wrong

again.

As an initial matter, for all of the reasons noted in the Reconsideration Brief and

above, the Court should reconsider its Sept. 19 Order and dismiss Potapchuk from this action

with prejudice.  Further, while the Court did consider "many of the same cases Defendants cite

on this motion" (<u>id.</u> at 5) with respect to Malone, its application of those cases was colored by its

ruling with respect to Potapchuk.  Specifically, as set forth in the Reconsideration Brief, and

consistent with the authorities relied upon by the Court, if Potapchuk were dismissed, the

absence of "unusual" or "suspicious" sales by <u>any</u> other Individual Defendant would "<u>cut[]</u>

<u>against a finding of scienter as to Malone</u>."   Sept. 19 Order at 31-32 (citations omitted)

(emphasis added); Recon Br. at 12 (citing cases); <u>see also</u>, <u>e.g.</u>, <u>San Leandro Emergency Med.</u>

<u>Grp. Profit Sharing Plan</u> v. <u>Philip Morris Cos.</u>, 75 F.3d 801, 813-14 (2d Cir. 1996) (holding that

"the fact that other defendants did not sell their shares during the relevant class period

<u>sufficiently undermines plaintiffs' claim regarding motive</u>") (emphasis added); Sept. 19 Order at

32 (citing <u>In re Health Mgmt. Sys., Inc. Sec. Litig.</u>, 1998 WL 283286, at *6 n.3 (S.D.N.Y. June

1, 1998), for the proposition that a "single individual defendant's sales of eighty-two percent of

US_ACTIVE:\44351719\7\47756.0017

[his] holdings [was] not unusual <u>when six other individual defendants' sales comprised only</u> <u>between three and twenty-five percent of each's individual holdings</u>") (emphasis added). That is, there simply would be <u>no</u> basis to infer scienter on the part of Malone, and he too should be dismissed.

Moreover, the Court has already concluded that Plaintiff has alleged <u>no</u> facts suggesting that Malone (or <u>any</u> other Individual Defendant) "'knew or had access to information showing that Gentiva was pressuring its staff to provide as many therapy visits as possible to receive extra Medicare payments without consideration of patients' needs.'" Sept. 19 Order at 23; <u>see</u> also <u>id.</u> at 25 (finding that the Amended Complaint "fail[s] to tie the scienter allegations to <u>any</u> Individual Defendant") (emphasis added). Also, "there is <u>no</u> allegation that the Individual Defendants could foresee the government's actions" (<u>id.</u> at 33 (emphasis added)) -- <u>including</u> <u>when Malone allegedly sold his Gentiva shares</u> (<u>i.e.</u>, prior to the <u>initial</u> disclosure of the SFC's investigation). Consequently, the Amended Complaint's allegations, viewed "holistically," fall far short of raising the requisite inference of scienter on the part of Malone (or, indeed, anyone else). <u>See</u> Recon. Br. at 12-13.

**C.      Having Failed To Plead The Scienter Of Any Of The Individual Defendants, Plaintiff Has Failed To Plead Corporate Scienter**

Plaintiff again offers little, if any, response to the moving defendants' arguments regarding Gentiva's alleged corporate scienter (or lack thereof), simply resting on its contention that "any arguments contingent upon [Potapchuk's] dismissal must be denied." Opp. at 5. But the sole basis upon which the Court imputed scienter to Gentiva was the "'suspicious' insider stock sales by both Malone <u>and</u> [Potapchuk], high level executives at Gentiva." Sept. 19 Order at 36 (emphasis in original). If the Court were to reconsider its Sept. 19 Order and dismiss Malone and Potapchuk, that basis would fall away -- as Plaintiff is now forced to concede. In

fact, as demonstrated in the Reconsideration Brief (at 13-14), that basis would fall away even if the Court were to dismiss only Potapchuk, given the Court's reliance on the Second Circuit's decision in <u>San Leandro</u> for the proposition that "'the sale of stock by one company executive does not give rise to a strong inference of the <u>company's</u> fraudulent intent.'"  Sept. 19 Order at 36 (quoting <u>San Leandro</u>, 75 F.3d at 813-14 & n.14) (emphasis in original).

## II.       PLAINTIFF'S SECTION 20(a) CLAIM MUST ALSO BE DISMISSED

Having failed to plead a primary violation, Plaintiff's Section 20(a) claim must also be dismissed.  <u>See</u> Recon. Br. at 14.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Reconsideration Brief, the moving defendants respectfully request that the Court partially reconsider its Sept. 19 Order and dismiss the Amended Complaint in its entirety and with prejudice.

Dated:  New York, New York              Respectfully submitted,
       October 24, 2013

                                    */s/ John A. Neuwirth*
                                    John A. Neuwirth
                                    Joshua S. Amsel
                                    Stefania D. Venezia
                                    Matthew E. K. Howatt
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    (212) 310-8000

                                    *Attorneys for Gentiva Health Services, Inc.,*
                                    *Ronald A. Malone and John R. Potapchuk*

## CERTIFICATE OF SERVICE

I, MATTHEW E. K. HOWATT, affirm that I am an attorney associated with Weil, Gotshal & Manges LLP, counsel for Defendants Gentiva Health Services, Inc., Ronald A. Malone and John R. Potapchuk, over eighteen (18) years of age, and not a party to this action.

I hereby certify that on October 24, 2013, I caused copies of the foregoing pleading to be served by Federal Express on Thomas G. Amon, attorney for Plaintiff Douglas Dahlgard, at the Law Offices of Thomas G. Amon, 250 West 57th Street, Suite 1316, New York, NY 10107, and I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

| | |
|---|---|
| Frederic S. Fox<br>Joel B. Strauss<br>Jeffrey P. Campisi<br>KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022 | David A. Rosenfeld<br>Samuel H. Rudman<br>ROBBINS GELLER RUDMAN &<br>DOWD, LLP<br>58 South Service Road<br>Suite 200<br>Melville, NY 11747 |
| Gerald Harlan Silk<br>BERNSTEIN LITOWITZ BERGER &<br>GROSSMANN LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 | James J. Sabella<br>GRANT & EISENHOFER PA<br>485 Lexington Avenue<br>New York, NY 10017 |
| Christopher Joseph Keller<br>LABATON SUCHAROW & RUDOFF LLP<br>100 Park Avenue, 12th Floor<br>New York, NY 10017 | |

New York, New York
Dated: October 24, 2013

_____
Matthew E. K. Howatt