UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: GENTIVA SECURITIES LITIGATION | ) | Case No. 10-CV-5064 (ADS) (WDW) |
| | ) | |
| | ) | ECF Case |
| | ) | |
| | ) | **Oral Argument Requested** |
| | ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO
LEAD PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
UNDER RULE 54 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Gentiva Health Services, Inc., H.
Anthony Strange, Ronald A. Malone, John R.
Potapchuk and Eric R. Slusser*

Dated: February 14, 2014

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

TABLE OF AUTHORITIES ............................................................................................ii

PRELIMINARY STATEMENT ...................................................................................... 1

RELEVANT FACTUAL BACKGROUND..................................................................... 2

ARGUMENT .................................................................................................................... 3

I.      PLAINTIFF'S MOTION SHOULD BE DENIED............................................... 3

      A.     The Dismissed And Pending Claims Are Not Separable...................................... 5

      B.     The Equities Do Not Favor The Entry Of Judgment Under Rule 54(b)............... 8

CONCLUSION.............................................................................................................. 10

US_ACTIVE:\44420436\7\47756.0017

**TABLE OF AUTHORITIES**

**Cases:**                                                                                                    **Page(s):**

In re Agape Litig.,
    274 F.R.D. 453 (E.D.N.Y. 2011) ...........................................................................7

In re Asia Pulp & Paper Sec. Litig.,
    293 F. Supp. 2d 391 (S.D.N.Y. 2003).................................................................7

In re Blech Sec. Litig.,
    1997 WL 20833 (S.D.N.Y. Jan. 21, 1997) .....................................................7, 9

Brunswick Corp. v. Sheridan,
    582 F.2d 175 (2d Cir. 1978).........................................................................5, 6, 9

Cornwell v. Credit Suisse Grp.,
    270 F.R.D. 145 (S.D.N.Y. 2010) .........................................................................8

Cullen v. Margiotta,
    618 F.2d 226 (2d Cir. 1980).......................................................................... passim

Cullen v. Margiotta,
    811 F.2d 698 (2d Cir. 1987),
    overruled on other grounds sub nom.
    Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143 (1987) ........................6

Curtiss-Wright Corp. v. Gen. Elec. Co.,
    446 U.S. 1 (1980).........................................................................................3, 8

Dura Pharm., Inc. v. Broudo,
    544 U.S. 336 (2005)...........................................................................................7

In re Gentiva Sec. Litig.,
    2013 WL 5291297 (E.D.N.Y. Sept. 19, 2013) ...................................................3

In re Gentiva Sec. Litig.,
    932 F. Supp. 2d 352 (E.D.N.Y. Mar. 25, 2013)..............................................2, 5

Grand River Enters. Six Nations, Ltd. v. Pryor,
    2004 WL 2480433 (S.D.N.Y. Nov. 3, 2004),
    aff'd, 425 F.3d 158 (2d Cir. 2005).......................................................................7

Harriscom Svenska AB v. Harris Corp.,
    947 F.2d 627 (2d Cir. 1991)............................................................................3, 4

Hogan v. Consol. Rail Corp.,
    961 F.2d 1021 (2d Cir. 1992)....................................................................... passim

ii

**TABLE OF AUTHORITIES**
(cont.)

**Cases:**                                                                 **Page(s):**

Lawyers Title Ins. Corp. v. Dearborn Title Corp.,
   118 F.3d 1157 (7th Cir. 1997) ...........................................................................2, 8

Novick v. AXA Network, LLC,
   642 F.3d 304 (2d Cir. 2011)......................................................... passim

Nu-Life Constr. Corp v. Bd. of Educ. of City of New York,
   795 F. Supp. 602 (E.D.N.Y. 1992), aff'd sub nom. Terminate Control Corp. v.
   Horowitz, 28 F.3d 1335 (2d Cir. 1994) ................................................................8

Roebuck v. Guttman,
   678 F. Supp. 68 (S.D.N.Y. 1988)...........................................................................7

Sears, Roebuck & Co. v. Mackey,
   351 U.S. 427 (1956)................................................................................................3

In re Vivendi Univeral S.A., Sec. Litig.,
   2012 WL 362028 (S.D.N.Y. Feb. 6, 2012) ................................................ 5, 6, 9

**Statutes & Rules:**

Fed. R. Civ. P. 54(b) ................................................................................ passim

iii

Defendant Ronald A. Malone and dismissed defendants Gentiva Health Services, Inc. ("Gentiva"), H. Anthony Strange, John R. Potapchuk and Eric R. Slusser (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's motion for entry of judgment under Fed. R. Civ. P. 54(b) (the "Motion" of "Mot.").

## PRELIMINARY STATEMENT

Entry of judgment under Rule 54(b) is the exception -- not the rule -- and should be "exercised sparingly," Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011) (internal quotations omitted), only "in the infrequent harsh case." Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980) (internal quotations omitted). Nevertheless, Plaintiff contends that it is entitled to such relief because this case, filed in 2010, is at a "nascent stage" and, according to Plaintiff, "[e]ntering final judgment at this juncture as to the dismissed parties avoids the need for costly duplicative proceedings and serves the goal of judicial economy." Mot. at 5-6. Of course, more than that is required -- or else the exception would swallow the rule: Rule 54(b) would authorize an immediate appeal in every case in which less than all defendants or claims are dismissed on the pleadings.

Instead, it is well-settled that a party seeking relief under Rule 54(b) must show that "the issues [to be addressed on appeal] are sufficiently separable [from those remaining in the case] to avoid judicial inefficiency . . . [and] that the equities favor entry of . . . judgment." Novick, 642 F.3d at 314. Plaintiff fails to make either showing.

First, Plaintiff argues that "[t]he issues to be determined on appeal," were the Court to grant the instant motion, "are separable from adjudication of the remaining claim against Malone." Mot. at 6. However, Plaintiff's own complaint belies that argument. All of the claims originally alleged in this case -- under both the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933 (the "Securities Act") -- arise from a common

nucleus of facts.  And, <u>both</u> the remaining claim against Malone and the dismissed claims are Section 10(b) claims.  Consequently, rather than burden the Second Circuit with piecemeal, redundant appeals on the very same factual issues and legal claims, the most efficient course is to let the case go forward and, if necessary, present any appeals all at once, with a fully-developed record, "in a unified package."  <u>Cullen</u>, 618 F.2d at 228.

Second, Plaintiff has identified no cognizable hardship or injustice that might necessitate an immediate appeal from the Court's September 19, 2013 and December 10, 2013 Orders.  The most Plaintiff can muster is the conclusory assertion that "'to allow the resolution of the proceeding to be delayed indefinitely because a small separate claim remains to be resolved would be to allow the tail to wag the dog.'"  Mot. at 7 (quoting <u>Lawyers Title Ins. Corp.</u> v. <u>Dearborn Title Corp.</u>, 118 F.3d 1157, 1163 (7th Cir. 1997)).  Putting aside Plaintiff's mischaracterization of the supposed "separateness" of the claim that remains, any "delay" here is no different than that experienced by <u>any</u> party whose claims are dismissed, in part, prior to the final resolution of the remainder of an action.  The law, again, is clear that such timing is insufficient to justify the entry of judgment (and, in turn, partial appeal) under Rule 54(b).

Plaintiff's Motion, accordingly, should be denied.

## RELEVANT FACTUAL BACKGROUND

We assume the Court's familiarity with the background and prior history of this case.  In brief, on March 25, 2013, the Court dismissed, without prejudice and with leave to re-plead, Plaintiff's claims under Sections 10(b) and 20(a) of the Exchange Act, <u>inter alia</u>, for failure to plead scienter.  <u>See</u> <u>In re Gentiva Sec. Litig.</u>, 932 F. Supp. 2d 352, 389-90, 397 (E.D.N.Y. Mar. 25, 2013) (the "Mar. 25 Order").  The Court also dismissed, with prejudice, Plaintiff's claims under Sections 11 and 15 of the Securities Act.  <u>See</u> <u>id.</u> at 390-97.

2

On May 10, 2013, Plaintiff filed its First Consolidated Amended Class Action Complaint (the "Amended Complaint" or "Am. Compl."), amending only "those allegations relevant to the element of scienter."  Am. Compl. at 2.  Defendants again moved to dismiss, and, on September 19, 2013, the Court granted that motion with respect to Strange and Slusser, but denied it with respect to Gentiva, Potapchuk and Malone.  See In re Gentiva Sec. Litig., 2013 WL 5291297, at *22 (E.D.N.Y. Sept. 19, 2013) (the "Sept. 19 Order").  On October 3, 2013, Gentiva, Potapchuk and Malone moved for partial reconsideration of the Sept. 19 Order, which motion the Court granted with respect to Gentiva and Potapchuk, but denied with respect to Malone.  See id. at *33 (E.D.N.Y. Dec. 10, 2013).  On January 9, 2014, Malone answered the Amended Complaint.

On January 28, 2014, Plaintiff filed the instant Motion.

## ARGUMENT

## I.     PLAINTIFF'S MOTION SHOULD BE DENIED

Rule 54(b) is a limited exception to the "'historic federal policy against piecemeal appeals.'"  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)); see also Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991) (noting that Rule 54(b) is an "exception to the general principle that a final judgment is proper only after all claims have been adjudicated").  In fact, the Second Circuit has instructed that "[c]ertification under Rule 54(b) should be granted only where there are interest[s] of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1025 (2d Cir. 1992) (internal quotations and citations omitted); see also Novick, 642 F.3d at 310 (stating that

the "power to enter such a final judgment . . . [should] be exercised sparingly") (internal quotations and citation omitted).  This is because

> [i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case.

Harriscom, 947 F.2d at 631.  In other words, in almost every case, "[j]udicial economy will best be served by delaying appeal until all issues can be confronted by [the Court of Appeals] in a unified package."  Cullen, 618 F.2d at 228.

     "In applying these principles," the Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated."  Novick, 642 F.3d at 311; see also id. at 314 (to prevail under Rule 54(b), moving party must "show . . . that the issues [in the case] are sufficiently separable to avoid judicial inefficiency").  Thus, denial of a Rule 54(b) motion is "particularly" appropriate where "the adjudicated and pending claims are closely related and stem from essentially the same factual allegations" and where "[f]urther proceedings on the pending causes of action will illuminate appellate review of the other claims."  Cullen, 618 F.2d at 228 (emphasis added); see also id. ("Indeed, several questions involved in this appeal may turn on, or be rendered moot by, the district court's resolution of issues still pending before it.") (citations omitted); Hogan, 961 F.2d at 1025 (similar).  Finally, "it is incumbent upon a party seeking immediate relief in the form of a Rule 54(b) judgment to . . . also [show] that the equities favor entry of such a judgment."  Novick, 642 F.3d at 314; see also Cullen, 618 F.2d at 228 ("Certification should be granted only if there exists 'some danger of hardship or injustice through delay which would be

alleviated by immediate appeal.'") (quoting Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir. 1978)).  As discussed below, Plaintiff's Motion fails in all of these respects.

A.       **The Dismissed And Pending Claims Are Not Separable**

Plaintiff contends in its Motion that "[t]he issues to be determined on appeal" with respect to the dismissed Exchange Act claims, were the Court to enter judgment under Rule 54(b), "would concern the adequacy of the pleadings and involve separate and distinct facts from those relating to Malone's own liability and therefore are separable from adjudication of the remaining claim against Malone."  Mot. at 6.  In addition, Plaintiff argues that "the Securities Act claims are separate and distinct from the Exchange Act claims, making them separable from the claim remaining against Malone."  Id. at 7.  Plaintiff is wrong.

First, it is simply inescapable that this entire case, including Plaintiff's claims under both the Exchange Act and the Securities Act, stems from a common nucleus of facts: namely, a supposed scheme in which "Gentiva and its most senior management caused Gentiva's employees and clinicians to seek reimbursement from Medicare for medically unnecessary services -- in direct violation of Medicare standards and regulations."  Am. Compl. ¶ 11; see also Mar. 25 Order at 393 (finding that Plaintiff's Securities Act allegations "are nearly identical" to Plaintiff's Exchange Act allegations and include the same alleged misstatements and omissions). Indeed, of the Amended Complaint's 346 paragraphs, only three reference Malone exclusively. See Am. Compl. ¶¶ 19, 276, 298.  The rest, with rare exception, relate to -- and, more often than not, expressly refer to -- multiple (if not all) Defendants collectively.  Thus, the claims here "are undoubtedly of the same character as those in Cullen:  'closely related and stem[ming] from essentially the same factual allegations.'"  In re Vivendi Univeral S.A., Sec. Litig., 2012 WL 362028, at *3 (S.D.N.Y. Feb. 6, 2012) (denying Rule 54(b) motion) (quoting Cullen, 618 F.2d at 228).  In such circumstances, the entry of final judgment under Rule 54(b) (and, in turn, an

5

immediate appeal) is inappropriate.  See id.; see also Brunswick, 582 F.2d at 184 (denying Rule 54(b) motion where claims were "inextricably intertwined").

Second, although "[t]he only claims remaining in the case are against Malone pursuant to the Exchange Act on the basis of motive and opportunity as supported by his stock sales during the class period," Mot. at 6, Plaintiff ignores the fact that the remaining claim is a Section 10(b) claim -- i.e., the very same claim that Plaintiff wishes to appeal immediately.  This is therefore not a case that "involve[s] . . . different questions of fact and law" or in which "'different sorts of relief' are sought," where "[c]laims are normally regarded as separable." Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987) (citations omitted), overruled on other grounds sub nom. Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143 (1987). Instead, it is a case in which the entry of judgment under Rule 54(b) "is contrary to the interests of sound judicial administration and efficiency" because the Second Circuit "would be required to consider many of the same issues that will need to be considered in any appeal from a final judgment adjudicating [Plaintiff's] claims."  Novick, 642 F.3d at 314 (emphasis added); see also Cullen, 811 F.2d at 710 ("In the multiple party situation where the complaint is dismissed as to one defendant but not to others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants."); Hogan, 961 F.2d at 1025 (same); Brunswick, 582 F.2d at 182 ("To satisfy the requirements of Rule 54(b) . . . the claim adjudicated must be a 'claim for relief' separable from and independent of the remaining claims in the case'") (citations omitted).

Moreover, Plaintiff's contention that an immediate appeal would concern only the "adequacy of the pleadings and involve separate and distinct facts from those relating to Malone's own liability," Mot. at 6, is also incorrect.  Such contention ignores the fact that the

6

remaining Section 10(b) claim against Malone includes many elements beyond scienter -- i.e., (i) a material misrepresentation or omission, (ii) in connection with the purchase or sale of a security, (iii) reasonable reliance by the plaintiff on the representation or omission, (iv) economic loss, and (v) a loss proximately caused by the misrepresentation or omission, see Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005) -- all of which would be the topic of any immediate appeal as well as any subsequent appeal at the conclusion of the case.  See, e.g., In re Blech Sec. Litig., 1997 WL 20833, at *2 (S.D.N.Y. Jan. 21, 1997) (denying Rule 54(b) motion:   "The Section 10(b) and fraud claims that were dismissed as against the Issuer Defendants are still being litigated against the remaining defendants" and, thus, "the Court of Appeals may be faced with extremely similar appeals from several different defendants, whose claims were initially dismissed for lack of particularity in the pleadings, but against whom Plaintiffs have repleaded. Such a result is inconsistent with sound judicial administration.").

It is for these reasons that the cases upon which Plaintiff relies are inapposite:

- In re Agape Litig., 274 F.R.D. 453, 455 (E.D.N.Y. 2011) (Spatt, J.) (Rule 54(b) motion granted where immediate appeal of dismissal of aiding and abetting claim would be "unrelated to the legal sufficiency of the claims [for primary liability] against the remaining defendants");

- Grand River Enters. Six Nations, Ltd. v. Pryor, 2004 WL 2480433, at *1 (S.D.N.Y. Nov. 3, 2004) (Rule 54(b) motion granted where "the dismissed non-antitrust claims may be resolved independently of the antitrust claim"), aff'd, 425 F.3d 158 (2d Cir. 2005);

- In re Asia Pulp & Paper Sec. Litig., 293 F. Supp. 2d 391, 396-97 (S.D.N.Y. 2003) (Rule 54(b) motion granted where immediate appeal of dismissal of Section 20(a) claim would be "unrelated to the question of whether the legally sufficient claims against the remaining defendants" under Section 10(b) "will be proven at trial");

- Roebuck v. Guttman, 678 F. Supp. 68, 70 (S.D.N.Y. 1988) (Rule 54(b) motion granted where immediate appeal would be "unrelated to the question of whether the legally sufficient claims against the remaining defendants will be proved at trial"); and

- <u>Cullen</u>, 811 F.2d at 712 (grant of Rule 54(b) motion affirmed where, <u>inter alia</u>, "plaintiffs' RICO claims are sufficiently distinct from their § 1983 claims that the entry of an early final judgment dismissing the RICO claims was not precluded").

**B.     <u>The Equities Do Not Favor The Entry Of Judgment Under Rule 54(b)</u>**

Plaintiff conclusorily asserts that "[b]ecause the majority of the defendants and claims have been dismissed, 'to allow the resolution of the proceeding to be delayed indefinitely because a small separate claim remains to be resolved would be to allow the tail to wag the dog.'" Mot. at 7 (quoting <u>Lawyers Title Ins.</u>, 118 F.3d at 1163 (7th Cir. 1997)).  The law in the Second Circuit, however, is that a Rule 54(b) motion should be granted <u>only</u> in "special circumstances [in which] adherence to the normal and federally preferred practice . . . will cause unusual hardship or work an injustice," <u>Hogan</u>, 961 F.2d at 1026; <u>Cullen</u>, 618 F.2d at 228 (same), such as where a delayed appeal causes "severe daily financial loss."  <u>Curtiss-Wright</u>, 446 U.S. at 6; <u>see also</u> <u>Cornwell</u> v. <u>Credit Suisse Grp.</u>, 270 F.R.D. 145, 147 (S.D.N.Y. 2010) (noting that "a losing party's dismay alone (common and understandable as it is) is not proper grounds for an expedited appeal").  No such hardship or injustice exists -- much less has even been claimed -- here.  <u>See</u>, <u>e.g.</u>, <u>Nu-Life Constr. Corp</u> v. <u>Bd. of Educ. of City of New York</u>, 795 F. Supp. 602, 609 (E.D.N.Y. 1992) (Spatt, J.) (Rule 54(b) motion denied where plaintiff showed "nothing exceptional in th[e] case that would require an immediate appeal or would expedite the resolution of the case"), <u>aff'd sub nom.</u>, <u>Terminate Control Corp.</u> v. <u>Horowitz</u>, 28 F.3d 1335 (2d Cir. 1994) ; <u>see also</u> <u>Hogan</u>, 961 F.2d at 1025 (finding no "unusual hardship in requiring plaintiff and [defendant] to await, in accordance with normal federal practice, the disposition of the entire case before obtaining appellate review").

Plaintiff also argues that "[e]ntering final judgment at this juncture as to the dismissed parties avoids the need for costly duplicative proceedings and serves the goal of judicial economy." Mot. at 6 (citation omitted); <u>see also</u> <u>id.</u> at 1 ("[D]elaying entry of judgment

8

as to the dismissed claims runs the risk that the parties will be subject to two rounds of discovery and two trials, which would be a waste of the Court's and the parties' resources.").  However, Plaintiff's claims of needless duplication and inefficiency ring hollow.  See, e.g., Brunswick, 582 F.2d at 185 ("The policy against piecemeal appeals of intertwined claims should not be subverted by the specters of additional trials summoned up by the able district judge."); see also Blech, 1997 WL 20833, at *3 ("In Hogan, the Second Circuit . . . held that a district court that granted a Rule 54(b) motion solely on the grounds that it might prevent the need for a second trial had abused its discretion.") (citing Hogan, 961 F.2d at 1025).   Indeed, Plaintiff acknowledges that it intends to seek discovery "of Gentiva itself as well as some, if not all, of the other individual defendants" regardless of whether the Court enters judgment at this time.  Mot. at 6.  And, given Plaintiff's substantially overlapping claims against Defendants (see Part I.A, supra), and, thus, the strong likelihood that the Second Circuit would have to grapple with many (if not all) of the same issues again in a subsequent appeal, the burden of an immediate appeal would fall on the Second Circuit and would constitute a needless expenditure of party resources. See Novick, 642 F.3d at 311 ("'It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues.") (citation omitted); see also Vivendi, 2012 WL 362028, at *5 n.4 ("Though it is unnecessary to the Court's conclusion, the Court agrees with Vivendi that prejudice might result to the defendants were this motion to be granted.  For example, the Court credits as legitimate Vivendi's 'concern[ ] that any appeal by Plaintiffs might trigger an obligation on Vivendi's part to raise at the same time all of the other available grounds for

affirming the Court's decision,' . . . That would lead to the type of duplicative appeal that the Second Circuit consistently has identified as inappropriate for Rule 54(b) certification.").

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion be denied.

Dated:  New York, New York                                   Respectfully submitted,
        February 14, 2014

                                            */s/ John A. Neuwirth*
                                            John A. Neuwirth
                                            Joshua S. Amsel
                                            Stefania D. Venezia
                                            Matthew E. K. Howatt
                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            (212) 310-8000

                                            *Attorneys for Gentiva Health Services, Inc.,*
                                            *H. Anthony Strange, Ronald A. Malone,*
                                            *John R. Potapchuk and Eric R. Slusser*

10

## CERTIFICATE OF SERVICE

I, MATTHEW E. K. HOWATT, affirm that I am an attorney associated with Weil, Gotshal & Manges LLP, counsel for Gentiva Health Services, Inc., H. Anthony Strange, Ronald A. Malone, John R. Potapchuk and Eric R. Slusser, over eighteen (18) years of age, and not a party to this action.

I hereby certify that on February 14, 2014, I caused copies of the foregoing pleading to be served by U.S. Mail on Thomas G. Amon, attorney for Plaintiff Douglas Dahlgard, at the Law Offices of Thomas G. Amon, 250 West 57th Street, Suite 1316, New York, NY 10107, and I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

| | |
|---|---|
| Frederic S. Fox<br>Joel B. Strauss<br>Jeffrey P. Campisi<br>KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022 | David A. Rosenfeld<br>Samuel H. Rudman<br>ROBBINS GELLER RUDMAN &<br>DOWD, LLP<br>58 South Service Road<br>Suite 200<br>Melville, NY 11747 |
| Gerald Harlan Silk<br>BERNSTEIN LITOWITZ BERGER &<br>GROSSMANN LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 | James J. Sabella<br>GRANT & EISENHOFER PA<br>485 Lexington Avenue<br>New York, NY 10017 |
| Christopher Joseph Keller<br>LABATON SUCHAROW & RUDOFF LLP<br>100 Park Avenue, 12th Floor<br>New York, NY 10017 | |

New York, New York
Dated: February 14, 2014

Matthew E. K. Howatt