UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Gentiva Securities Litigation | Civil Action No: 10-5064 (ADS) (WDW) <br><br> **ELECTRONICALLY FILED** |

REPLY MEMORANDUM OF LAW IN SUPPORT OF
LEAD PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54 OF
THE FEDERAL RULES OF CIVIL PROCEDURE

KAPLAN FOX & KILSHEIMER LLP
Frederic S. Fox
Joel B. Strauss
Jeffrey P. Campisi
Lauren I. Dubick
850 Third Avenue, 14th Floor
New York, New York 10022
Tel:  (212) 687-1980
Fax:  (212) 687-7714

KAPLAN FOX & KILSHEIMER LLP
Laurence D. King
350 Sansome Street, Suite 400
San Francisco, California 94104
Tel: (415) 772-4700
Fax: (415) 772-4707

KAPLAN FOX & KILSHEIMER LLP
Justin B. Farar
11111 Santa Monica Blvd.
Suite 620
Los Angeles, CA 90025
Tel: (310) 575-8604
Fax: (310) 575-8697

*Lead Counsel for Lead Plaintiff the Los Angeles City Employees' Retirement System
and the Proposed Class*

I.     **PRELIMINARY STATEMENT**

The Los Angeles City Employees' Retirement System ("LACERS" or "Lead Plaintiff") submits this reply brief in support of its request that the Court (1) enter final judgment for claims brought pursuant to the Securities Exchange Act of 1934 ("Exchange Act") as to defendants Gentiva Health Services, Inc. ("Gentiva"), Anthony Strange ("Strange"), John R. Potapchuk ("Potapchuk"), and Eric R. Slusser ("Slusser"); and (2) enter final judgment for claims brought pursuant to the Securities Act of 1933 ("Securities Act") against Ronald A. Malone ("Malone"), Gentiva, Strange, Potapchuk, and Slusser ("Defendants). Lead Pl.'s Notice of Mot. and Mot. for Entry of J. Under R. 54 of the Fed. R. of Civ. P. (Doc. No. 88); Mem. of Law in Supp. of Lead Pl.'s Mot. for Entry of J. Under R. 54 of the Fed. R. of Civ. P. (Doc. No. 88-1) ("Pl.'s Mem.").

This action is at the pleading stage; the costly and time-consuming process of formal discovery has not started, and the record before the Court is limited to what has been set forth in the pleadings. As a result, if Lead Plaintiff's motion is granted, the ensuing appeal will be limited to the sufficiency of the complaint which involves discrete legal questions that the Court of Appeals can address quickly, serving the goal of judicial economy.

In opposing Lead Plaintiff's motion, Defendants misconstrue and misstate the law they cite and rely upon cases that are completely inapposite. Mem. of Law in Opp'n to Lead Pl.'s Mot. For Entry of J. Under Rule 54 of the Fed. R. of Civ. P. (Doc. No. 89) ("Defs.' Mem.").

Accordingly, there is no just reason for delaying entry of judgment as to the dismissed claims and parties, and Lead Plaintiff's motion should be granted in its entirety.

## II. ARGUMENT

### A. Defendants Misconstrue the Meaning of "Danger of Hardship or Injustice through Delay"

Defendants correctly note that certification under Rule 54(b) should be granted "where there are interest[s] of sound judicial administration and efficiency to be served, *or*, in the infrequent harsh case, where there exists some *danger* of hardship or injustice through delay which would be alleviated by immediate appeal." Defs.' Mem. at 3 (quoting *Hogan v. Consol. Rail. Corp.*, 961 F.2d 1021, 1025 (2d. Cir. 1992)) (emphasis added). Thus, in the Second Circuit, certification under Rule 54(b) should be granted (1) to serve judicial administration and efficiency; *or* (2) where there is some danger of hardship or injustice through delay. Lead Plaintiff addressed the first prong of this standard in its opening Memorandum of Law, explaining that delaying entry of judgment as to the dismissed claims and parties runs the risk that parties – and non-parties –could be subject to two rounds of discovery and two trials, which would be a waste of the Court's, the parties', and non-parties' resources. Pl.'s Mem. at 1.

In opposition, Defendants focus on the second prong, incorrectly claiming that here, no such danger of "hardship or injustice exists." Defs. Mem. at 8. However, in *Cullen v. Margiotta*, a case relied upon by Defendants, the Second Circuit explained that "[s]uch a danger may be presented where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." 811 F.2d 698, 711 (2d Cir. 1987) *overruled on other grounds by Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 U.S. 143 (1987)).

Securities trials are notoriously long and complex. *See*, *e.g.*, *Schwartz v. TXU Corp.*, 3:02-CV-2243-K, 2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) (citing numerous cases recognizing the length and complexity of securities fraud trials). In contrast, an appeal regarding

the sufficiency of a complaint is "a discrete and straightforward legal question that the Court of Appeals can resolve quickly and which will serve the goal of judicial economy." *In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 397 (S.D.N.Y. 2003); *see also Roebuck v. Guttman*, 678 F. Supp. 68, 70 (S.D.N.Y. 1988). Because the appeal contemplated in this action would involve the sufficiency of the complaint, the Second Circuit would be able to resolve the issues quickly, meaning that any reinstated claims could then be tried with the surviving claim, thus avoiding the danger of hardship presented by the possibility of an expensive and duplicative trial.

### B. Defendants Misstate the Meaning of "Separable" Claims

Defendants' argument regarding the separability of claims is also flawed, due perhaps to their misstatement of the Second Circuit's language in *Cullen* regarding the separability of claims. Defendants wrote:

> This is therefore not a case that "involve[s] . . . different questions of fact and law" or in which "'different sorts of relief' are sought," where "[c]laims are normally regarded as separable."

Defs. Mem. at 6 (quoting *Cullen*, 811 F.2d at 711). Rather, in *Cullen*, the Second Circuit wrote:

> Claims are normally regarded as separable ***if*** they involve ***at least some*** different questions of fact and law ***and could be separately enforced*** . . . or if "different sorts of relief" are sought and, consequently, the claim for greater relief would be pressed by the plaintiff even if the other claim were granted

811 F.2d at 711 (emphasis added). Thus, for claims to be separable, they must be capable of separate enforcement but there need only be *some* different questions of fact and law.

All claims against Gentiva, Strange, Potapchuk, and Slusser have been dismissed; thus, as this Court has previously noted in a similar situation, "[t]he only issue[] raised by an appeal pursuant to Rule 54(b) involves the legal sufficiency of the [Consolidated Class Action Complaint] as to [the dismissed parties], which is unrelated to the legal sufficiency of the claim[]

3

against the remaining defendant[]." *In re Agape Litig.*, 274 F.R.D. 453, 455 (E.D.N.Y. 2011) (J. Spatt). By way of example, the adequacy of the allegations as to the dismissed corporate scienter claims against Gentiva involve *at least some* different questions of law and fact than, and could be separately enforced from, the allegations upheld by the Court for insider selling against Malone. Similarly, the adequacy of the allegations as to scienter on the basis of conscious misbehavior for the dismissed individual defendants involve *at least some* different questions of law and fact than, and could be separately enforced from, the allegations upheld by the Court for insider selling against Malone. So too are the Securities Act claims separable from the Exchange Act claims because the Securities Act claims do not require any allegation of fraud, scienter, or recklessness and they can be pled separately from the Exchange Act claims.

### C. The Cases Relied Upon by Defendants Are Readily Distinguishable

The cases cited by Defendants where entry of judgment pursuant to Rule 54(b) has been denied by the district court or overturned by the Court of Appeals are readily distinguishable:

> *In re Blech Sec. Litig.*, 94 CIV. 7696 (RWS), 1997 WL 20833 at *2 (S.D.N.Y. Jan. 21, 1997) (denying motion for certification pursuant to Rule 54(b) where *discovery* was already underway).
>
> *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 177, 183-184 (2d Cir. 1978) (finding district court erred in entering final judgment on dismissed counterclaims after a *mistrial* on remaining claims and counterclaims).
>
> *Cornwell v. Credit Suisse Grp.*, 270 F.R.D. 145, 147 (S.D.N.Y. 2010) (certification denied where *party sought certification based on speculation* that precedent relied upon by district court would need to be evaluated by the Second Circuit and possibly the Supreme Court).
>
> *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (district court's certification pursuant to Rule 54(b) dismissed by Second Circuit because district court's "decision to enter final judgment was accompanied only by the *conclusory* assertion that there was

4

> 'no just reason for delay'" instead of a "brief, reasoned explanation").
>
> *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 630-31 (2d Cir. 1991) (Second Circuit dismissed appeal where district court's Rule 54(b) *order was conclusory* and *discovery* had already taken place).
>
> *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1023-24 (2d Cir. 1992) (finding district court's Rule 54(b) certification an abuse of discretion where *discovery and summary judgment* had already occurred).
>
> *Novick v. AXA Network, LLC*, 642 F.3d 304, 308 (2d Cir. 2011) (finding district court's entry of partial final judgment an abuse of discretion where *discovery and summary judgment* had already occurred).
>
> *In re Vivendi Universal, S.A., Sec. Litig.*, 02 CIV. 5571 RJH, 2012 WL 362028 at *1, 4 (S.D.N.Y. Feb. 6, 2012) (denying a motion for entry of final judgment after *"three-month-plus" jury trial*).

In all but two of the above cases, Rule 54(b) certification was sought after discovery or trial had taken place at which point considerable resources and expenses already had been incurred by the parties and the courts. Thus, at such stages, the efficiencies to be gained by granting a Rule 54(b) motion are significantly smaller than at the stage of this litigation. Further, the reasons for the denial of the Rule 54(b) motions in the remaining two cases above are simply not applicable to the facts in this litigation.

5

## III. CONCLUSION

For the reasons set forth above, the Court should make an express determination that there is no just cause for delay, grant Lead Plaintiff's motion for entry of final judgment pursuant to Rule 54(b), and order the Clerk of Court to enter final judgment for the dismissed claims and parties.

Dated: February 24, 2014                  KAPLAN FOX & KILSHEIMER LLP

By: /s/ Frederic S. Fox
Frederic S. Fox
Joel B. Strauss
Jeffrey P. Campisi
Lauren I. Dubick
850 Third Avenue, 14th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

KAPLAN FOX & KILSHEIMER LLP
Justin B. Farar
11111 Santa Monica Blvd.
Suite 620
Los Angeles, CA 90025
Tel: (310) 575-8604
Fax: (310) 575-8697

KAPLAN FOX & KILSHEIMER LLP
Laurence D. King
350 Sansome Street, Suite 400
San Francisco, California 94104
Tel: (415) 772-4700
Fax: (415) 772-4707

*Lead Counsel for Lead Plaintiff the Los Angeles City Employees' Retirement System And the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Frederic S. Fox, hereby certify that on February 24, 2014, I caused the foregoing to be electronically filed using the Court's CM/ECF system, which will automatically send a notice of electronic filing to counsel of record.

/s/ Frederic S. Fox
Frederic S. Fox
