UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

IN RE GENTIVA SECURITIES LITIGATION         MEMORANDUM OF
                                             DECISION AND ORDER
                                             10-cv-5064 (ADS)(WDW)

----------------------------------------------------------X

APPEARANCES:

**Kaplan Fox & Kilsheimer LLP**
*Attorneys for the Plaintiff Los Angeles City Employees' Retirement System*
850 Third Avenue, 14th Floor
New York, NY 10022
  By: Frederic S. Fox, Esq.
     Joel B. Strauss, Esq.
     Laurence D. King, Esq.
     Justin B. Farar, Esq.
     Jeffrey P. Campisi, Esq.,
     Lauren I. Dubick, Esq., of Counsel

**Weil, Gotshal & Manges LLP**
*Attorneys for the Defendants Gentiva Health Services, Inc., Ronald A. Malone, H. Anthony Strange, John R. Potapchuk, and Eric R. Slusser*
767 Fifth Avenue
New York, NY 10153
  By: Joshua S. Amsel, Esq.
     Stefania D. Venezia, Esq.
     Matthew E. K. Howatt, Esq.
     John A. Neuwirth, Esq., of Counsel

**SPATT, District Judge.**

    Familiarity with the facts and procedural history of this case is presumed. By way of background, this is a consolidated securities fraud class action brought on behalf of a class consisting of all persons or entities that purchased the publicly traded securities of Gentiva Health Services, Inc. ("Gentiva") between July 31, 2008 and October 4, 2011. The amended consolidated class action complaint was filed by the Lead Plaintiff the Los Angeles City Employees' Retirement System (the "Plaintiff"). According to the Plaintiff, Gentiva, a publicly

1

traded health care provider, artificially inflated its stock price through a scheme that involved ordering unnecessary medical care for clients, and then billing the federal government for these illegitimate expenses. The complaint further alleges that when the scheme came to light, Gentiva's stock price dropped precipitously.

The Individual Defendants originally joined are current and/or former directors and/or officers of the company. Ronald A. Malone previously served as Gentiva's Chief Executive Officer from June 2002 until December 2008, and as Chairman of the Board of Directors until May 2011. H. Anthony Strange served as Gentiva's President beginning in 2007, and served as its Chief Operating Officer from November 2007 through May 2009. Strange then became the company's Chief Executive Officer in January 2009, and its Chairman in May 2011. John R. Potapchuck served as Gentiva's Chief Financial Officer and Treasurer until May 2010. He was succeeded in May 2010 by Eric R. Slusser, who currently serves as the company's Chief Financial Officer, Treasurer, and Executive Vice President.

On March 25, 2013, the Court dismissed the Plaintiff's original consolidated class action complaint in its entirety. In re Gentiva Sec. Litig., 2013 WL 1200334 (E.D.N.Y. 2013)(Spatt, J.). In particular, the Court dismissed with prejudice the Plaintiff's claims under §§ 11 and 15 of the Securities Act of 1933 (the "1933 Act") for lack of standing and for failure to state a claim. The Court also dismissed without prejudice the Plaintiff's claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") and Rule 10b-5 promulgated thereunder, for failure to plead scienter.

On May 10, 2013, the Plaintiff filed an amended consolidated class action complaint, amending only those allegations relevant to the element of scienter. On June 24, 2013, the

Defendants moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the amended consolidated class action complaint for failure to state a claim.

On September 19, 2013, the Court granted in part and denied in part the second motion to dismiss. In re Gentiva Sec. Litig., 932 F. Supp. 2d 352 (E.D.N.Y. 2013). Of relevance here, the Court granted the motion to dismiss the amended consolidated class action complaint as to the Defendants Strange and Slusser in its entirety, and as against the Defendants Malone and Potapchuck to the extent the Plaintiffs sought to establish their scienter based on a theory of conscious behavior and recklessness. However, the Court denied the motion to dismiss to the extent the Plaintiff sought to establish scienter on the part of Malone and Potapchuk based on a theory of motive and opportunity. In doing so, the Court relied on allegations regarding insider stock sales by Malone and Potapchuck during the class period.

The Court also denied the motion to dismiss as to Gentiva because the Court concluded that corporate scienter could be inferred from the "suspicious" insider stock sales by both Malone and Potaphuck. The Court further held that the Plaintiff stated a claim for control person liability under Section 20(a) of the 1934 Act as against Malone and Potapchuck.

At that point, the remaining claims were the Section 10(b) claims against Gentiva, Malone, and Potapchuk and the Section 20(a) claims against Malone and Potapchuk.

On October 3, 2013, Gentiva, Malone, and Potapchuck moved, pursuant to Rule 6.3 of the Local Rules of the United States District Court of the Southern and Eastern District, for partial reconsideration of the September 19, 2013 order. The Plaintiff opposed the motion for partial reconsideration.

On December 10, 2013, the Court granted in part and denied in part the motion for partial reconsideration. In particular, the Court granted the motion to the extent it dismissed all the

3

remaining claims against Potapchuck and Gentiva, but denied the motion with respect to the remaining claims against Malone.

The Plaintiff concedes that, as Malone is the only remaining defendant, it is not possible to plead the Section 20(a) claim for control person liability.

Therefore, currently the only pending cause of action is the Section 10(b) claim against Malone.

On January 9, 2014, Malone answered the amended consolidated class action complaint. The Court notes that there has been no case management conference or case management order, and no formal discovery has taken place.

On January 28, 2014, the Plaintiff moved pursuant to Fed. R. Civ. 54(b) for an order entering final judgment in favor of the relevant defendants for the claims brought under (1) the 1933 Act against all the Defendants and (2) the 1934 Act as to Gentiva, Strange, Potapchuck, and Slusser. The Plaintiff argues that delaying entry of judgment would run the risk that the parties would be subject to two rounds of discovery and two trials. For the following reasons, the motion is granted in part and denied in part.

## I.     DISCUSSION

"[I]n the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'" Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011) (quoting Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991)). Rule 54(b) of the Federal Rules of Civil Procedure provides "an exception to this general principle," id., permitting a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," but "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). However, the Second Circuit has counseled

4

that the historic "policy against piecemeal appeals 'requires that the court's power to enter such a final judgment before the entire case is concluded . . . be exercised sparingly.'" Novick, 642 F.3d at 310 (quoting Harriscom Svenska AB, 947 F.2d at 629).

"[C]ertification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served or, in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1025 (2d Cir. 1992) (citations, alterations, and internal quotation marks omitted). This language indicates that certification under Rule 54(b) is appropriate (1) to serve judicial administration and efficiency or (2) where there is some danger of unusual hardship or injustice through delay.

In this regard, "[t]o be appropriate, a Rule 54(b) certification must take account of both the policy against piecemeal appeals *and* the equities between or among the parties." Novick, 642 F.3d at 310 (emphasis added); see also Nippon Yusen Kaisha v. FIL Lines USA Inc., 12 CIV. 6643 GWG, 2013 WL 5663080, at *6 (S.D.N.Y. Oct. 18, 2013)(citing Novick). In other words, to prevail on a Rule 54(b) certification motion, the moving party must satisfy one of these two prongs. See In re Vivendi Universal, S.A., Sec. Litig., 02 CIV. 5571 (RJH), 2012 WL 362028, at *4 (S.D.N.Y. Feb. 6, 2012)("even though the Court has determined that judicial efficiency will not be served by certifying a partial appeal here, the plaintiffs could still prevail on the motion if they are able to demonstrate prejudice . . . of such a character as to 'offset' the Court's efficiency conclusion."), reconsideration denied, 861 F. Supp. 2d 262 (S.D.N.Y. 2012).

Accordingly, here, the Court will consider the two prongs of Hogan, first with respect to the dismissed 1933 Act claims and then with respect to the dismissed 1934 Act claims.

5

A.  The Dismissed 1933 Act Claims

In considering judicial administrative interests, it is "'proper for the District Judge . . . to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" Novick, 642 F.3d at 311 (quoting Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)). "Claims are normally treated as separable . . . if they involve at least some different questions of fact and law and could be separately enforced, or if different sorts of relief are sought." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 21 (2d Cir. 1997)(internal citation and quotation marks omitted). "When these features are present, claims may be considered separable even if they have arisen out of the same transaction or occurrence." Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987) (quotation marks and citations omitted), overruled on other grounds, Agency Holding Corp. v. Malley–Duff & Assocs., Inc., 483 U.S. 143, 156, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987).

In this case, the only claim remaining in the case is against Malone pursuant to Section 10(b) of the 1934 Act. In the Court's view, resolution this claim would involve at least some different questions of fact and law than would be involved in an immediate appeal of the 1933 Act claims. For example, resolution of the Section 10(b) claim against Malone would involve the extent of Malone's insider sales during the class period, a factual issue that would be irrelevant to an immediate appeal of the 1933 act claims. Also, an immediate appeal of the 1933 Act claims would involve the issue of standing, something not contested with regard to the remaining 1934 Act claim against Malone.

6

The Court recognizes that the 1933 Act and the 1934 Act together form "interrelated components of the federal regulatory scheme governing transactions in securities." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 96 S .Ct. 1375, 1387, 47 L. Ed. 2d 668 (1976), citing Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 727–30, 95 S. Ct. 1917, 1921-22, 44 L. Ed. 2d 539 (1975). Although interrelated, § 11 of the 1933 Act and § 10(b) of the 1934 Act were "intended to address different types of wrongdoing." Herman & MacLean v. Huddleston, 459 U.S. 375, 103 S. Ct. 683, 686-87, 74 L. Ed. 2d 548 (1983). "These differing purposes result in different standards being imposed on plaintiffs seeking redress for alleged transgressions involving security transactions." TAAM Asso. Inc. v. Housecall Med. Res., Inc., 1:96-CV-2214 A (JEC), 1998 WL 1745361, at *4 (N.D. Ga. Mar. 30, 1998).

The purpose behind § 10(b) of the 1934 Act is to impose "a broad proscription against fraud." Herman & MacLean, 459 U.S. at 386, 103 S. Ct. at 689. Section 10(b) is a "'catchall' antifraud provision." Id. at 381, 103 S. Ct. at 687. It allows a purchaser or seller of 'any security' [to bring a cause of action] against 'any person' who has used 'any manipulative or deceptive device or contrivance' in connection with the purchase or sale of a security. 15 U.S.C. § 78j. Although broad in scope, § 10(b) imposes a heavy burden on a plaintiff as she must prove that "the defendant acted with scienter, i.e., with intent to deceive, manipulate, or defraud." Herman & MacLean, 459 U.S. at 382, 103 S. Ct. at 687 (citations omitted).

In contrast, the purpose behind § 11 of the 1933 Act is relatively limited in scope. Section 11 was enacted "to provide greater protection to purchasers of registered securities" by forcing issuers of securities to comply with the disclosure requirements created by Congress in the 1933 Act. Id. at 383, 103 S. Ct. at 688. To accomplish this objective, Congress subjected "parties who play a direct role in a registered offering" to a "stringent standard of liability." Id. at

7

381, S. Ct. at 687. "If a plaintiff purchased a security issued pursuant to a registration statement, he need only show a material misstatement or omission to establish his prima facie case. Liability against the issuer of a security is virtually absolute, even for innocent misstatements. Other defendants bear the burden of demonstrating due diligence." Id. at 382, S. Ct. at 687, citing 15 U.S.C. § 77k(b). Thus, although § 11 provides a cause of action under only limited circumstances, it "places a relatively minimal burden on a plaintiff." Herman & MacLean, 459 U.S. at 382, 103 S. Ct. at 687.

Section 11 and Section 10(b) address different types of wrongdoing. Thus, the Court finds that the dismissed Section 11 claims against the Defendants, including Malone, are sufficiently separable from the remaining 10(b) claim against Malone. The Court does not anticipate that review of the dismissed Section 11 claims "would be mooted by any future developments in this action, or that the nature of the claim is such that an appellate court would have to decide the same issues more than once even if there were subsequent appeals." Capital Distribution Servs., Ltd. v. Ducor Exp. Airlines, Inc., 462 F. Supp. 2d 354, 358 (E.D.N.Y. 2006).

In short, the Court finds that the Plaintiff has satisfied the first prong of Hogan with respect to the dismissed 1933 Act claims. For this reason, the Court need not address the second prong with respect to these claims, that is, whether the Plaintiff has established that delaying judgment as to those claims would work an injustice upon the Plaintiff.

B. The Dismissed 1934 Act Claims

The Court reaches a different conclusion with respect to the dismissed 1934 Act Claims. As to the first prong of Hogan– namely, judicial administration and separability – the Court acknowledges that resolution of the 10(b) claim against Malone would involve at least some

8

different questions of fact – in particular, his stock sales during the class period – than would be involved in an immediate appeal of the dismissed Section 10(b) claims.

However, the Court finds that resolution of the Section 10(b) claim against Malone would not involve different questions of *law* as would an immediate appeal by the Plaintiff of the dismissed Section 10(b) claims. Such an appeal may also involve a 10(b) claim *against Malone* to the extent the Plaintiff failed to adequately plead scienter against Malone on a theory of conscious misbehavior or recklessness.

Further, as the Second Circuit has explained, the reason that Rule 54(b) certification is usually improper where the dismissed and surviving claims are interrelated is because "the remaining proceedings in the district court may 'illuminate appellate review 'of the dismissed claims, or because those proceedings may suggest that the dismissal should be modified as is expressly permitted by Rule 54(b)." Hogan, 961 F.2d at 1026, quoting Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980)); see also Harriscom, 947 F.2d at 630 (finding Rule 54(b) certification inappropriate because it was possible, since one of the remaining counts was "closely related to the dismissed contract claims and stems from the same factual allegations, that trial on the [remaining claim] could bring to light facts that would have a bearing on the propriety of summary judgment dismissing the other claims").

The Plaintiff's reliance on In re Asia Pulp & Paper Sec. Litig., 293 F. Supp. 2d 391, 397 (S.D.N.Y. 2003) is misplaced. There, the Court concluded that an immediate appeal of the dismissal of a control person Section 20(a) claim would be "unrelated" to the legally sufficient primary violation claims against the remaining defendants under Section 10(b). Here, by contrast, the remaining claim against Malone is a type of claim – namely, Section 10(b) – the Plaintiff wishes to appeal immediately. "If, for example, the dismissal of the [Section 10(b)

claims alleging scienter based on conscious misbehavior or recklessness] against [the dismissed defendants] were to be overturned on an immediate appeal, such reversal would likely resuscitate the dismissed [Section 10(b) claim alleging scienter based on conscious misbehavior or recklessness] against Malone." Kitto v. Thrash Oil & Gas Co., CIV-88-169E, 1989 WL 153770, at *2 (W.D.N.Y. Dec. 7, 1989).

Similarly, Roebuck v. Guttman, 678 F. Supp. 68, 70 (S.D.N.Y. 1988) is distinguishable. There, the movant had been dismissed for failure to plead fraud with particularity and the district court had found such issue (a) "unrelated to the question of whether the legally sufficient claims against the remaining defendants will be proved at trial" and (b) "a discrete and straightforward legal issue which the Court of Appeals can resolve quickly and which will serve the goal of judicial economy." Id. Here, by contrast, the various defendants are bound together by overlapping claims. Also, it is not clear that an immediate appeal of the dismissed claims would involve "a discrete and straightforward legal issue" because such an appeal could not only involve the element of "scienter" for the 1934 Act claims, but also the dismissed 1933 Act claims.

As stated above, although the Court has determined that judicial efficiency will not be served by certifying an appeal of the dismissed 1934 Act claims, the Plaintiff could still prevail with respect to this aspect of its Rule 54(b) motion if it demonstrates prejudice "of such a character as to 'offset' the Court's efficiency conclusion." In re Vivendi Universal, S.A., Sec. Litig., 2012 WL 362028, at *4. However, the Court finds the Plaintiff has failed to establish that delaying entry of judgment as to the dismissed 1934 Act claims "will cause unusual hardship or work an injustice."

In Hogan, the Second Circuit held that a district court that granted a Rule 54(b) motion solely on the grounds that it might prevent the need for a second trial had abused its discretion. 961 F.2d at 1025. Indeed, the so-called hardship of duplicative trials "will arise in every multiple party suit in which one of the defendants is dismissed but must await the finality of its release until the liability of the remaining defendants has been determined and judgment has been entered. Unavoidably, the dismissed defendant will have to be prepared ultimately to defend [itself], and certainly a second trial involving duplicative evidence might be necessary if the dismissal is later found to have been improper. Such contingencies arise definitionally in cases of this sort." Kitto, at *3 (denying Rule 54(b) motion) (internal quotation marks and citations omitted). The mere potential for duplicative trials should not by itself result in 54(b) certification, except "in the infrequent harsh case." Id.; Brunswick Corp. v. Sheridan, 582 F.2d 175, 185 (2d Cir. 1978) ("The policy against piecemeal appeals of intertwined claims should not be subverted by the specters of additional trials summoned up by the able district judge.").

Accordingly, the Court finds that the Plaintiff has neither satisfied the first or second prong of Hogan with respect to the dismissed 1934 Act claims. Accordingly, the Court denies the Plaintiff's Rule 54(b) motion to the extent it seeks immediate entry of judgment as to the dismissed 1934 Act claims.

## II. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Plaintiff's motion pursuant to Rule 54 of the Federal Rules of Civil Procedure is granted in part and denied in part. The motion is granted to the extent the Plaintiff seeks final judgment for the claims brought pursuant to the 1933 Act as to all the Defendants. The motion is denied to the extent the Plaintiff seeks final judgment for

claims brought pursuant to the 1934 Act as to Gentiva, Strange, Potapchuck, and Slusser. The Clerk of the Court is directed to enter final judgment in favor of the Defendants on the 1933 Act claims.

**SO ORDERED.**

Dated: Central Islip, New York
March 3, 2014

                                          *Arthur D. Spatt*
                                         ARTHUR D. SPATT
                                         United States District Judge